**In re the Petition for DISCIPLINARY ACTION AGAINST James J. BANG, an Attorney at Law of the State of Minnesota.**

No. C9–91–445.

Supreme Court of Minnesota.

July 12, 1991.

## ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent James J. Bang has committed professional misconduct warranting public discipline. In the petition, the Director alleges that respondent neglected numerous client files, failed to communicate with clients as to the status of their files, failed to return one client's file when the client requested the file, and, on at least four instances, failed to appear for hearings in matters which he was handling. The Director also alleges that respondent failed to cooperate with the Director's Office in its investigation of the complaints against respondent. In mitigation, the Director acknowledges that, during the period 1986 to 1991, respondent and members of respondent's immediate family suffered a series of medical problems which necessitated respondent's absence from his office for extended periods of time and that respondent attempted to protect his clients' interests during the periods of his absence, although respondent's efforts were not entirely successful.

After the petition had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. In addition to the allegations admitted in his answer, respondent admitted a number of allegations he previously had disputed, essentially admitting that he bears a significant share of the responsibility for the neglect, noncommunication and noncooperation alleged in the petition and the resultant prejudice and inconvenience to clients, courts and opposing counsel. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is supervised probation for a period of 2 years. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, James J. Bang, hereby is placed on supervised probation for a period of 2 years, commencing immediately, pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That respondent's probation shall be subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor respondent's compliance with the probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and other requested information and documentation to verify respondent's compliance with the terms of probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor respondent's compliance with the terms of probation. Respondent has agreed to provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall, on the first day of each month, provide the Director with an inventory of active client files such as is described in paragraph d below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor's efforts to monitor respondent's compliance with the terms of probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to his supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as reasonably may be requested by the Director.

e. Respondent shall initiate and maintain office procedures which ensure that respondent promptly responds to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. Within 30 days from the execution of this stipulation, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

3. That the respondent shall pay to the Director the sum of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.